# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

**OLEUM AMERICA LLC**  **CIVIL ACTION**

**VERSUS**  **NO: 17-1421**

**VIRGIE STELLY ET AL.**  **SECTION: "H"**

## ORDER AND REASONS

Before the Court are Plaintiff's Cross-Motion for Summary Judgment (Doc. 12) and Defendants' Cross-Motion for Summary Judgment (Doc. 16). For the following reasons, Plaintiff's Motion is DENIED, and Defendants' Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Oleum America, LLC ("Oleum") brings this action seeking a declaration that an agreement with Defendants remains in effect. Defendants seek a declaration that the agreement was terminated and that Plaintiff is trespassing on their property.

1

In 2008, Toce Energy, LLC ("Toce") drilled an oil well on land owned by Defendants Marion Elizabeth Berry, Marion Stelly Berry, Michael George Berry, Patrick George Berry, Randy James Stelly, Rodney Joseph Stelly, Jr., and Virgie Bertrand Stelly. The well thereafter began making saltwater, and Toce entered into an agreement with Defendants to use a plugged and abandoned well on Defendants' property as a saltwater disposal well ("Saltwater Disposal Agreement"). On October 15, 2008, Toce and Defendants entered into the Saltwater Disposal Agreement at issue here, and Toce began converting and using the plugged and abandoned well to dispose of saltwater from the oil well. In September 2017, Toce sold the oil well, the mineral leases held in connection therewith, and the Saltwater Disposal Agreement to Plaintiff, Oleum.

The Saltwater Disposal Agreement provided that Toce was granted the option to extend the term of the agreement each year by payment of $2,000.00. Toce exercised this option each year from October 2008 to October 2017. Prior to October 2017, Toce tendered payment for an additional extension, however, Defendants did not cash the check. Instead, Defendants notified Toce, and later Oleum, that they sought to cancel the Saltwater Disposal Agreement, effective October 15, 2017.[1] The notices requested that Toce and Oleum plug and abandon the well and remove their equipment in accordance with the terms of the Agreement. Despite these requests, Defendants allege that Plaintiff continues to operate the saltwater disposal well and store its equipment on Defendants' property.

---

[1] Notification was sent to Toce on July 19, 2017 and Oleum on September 25, 2017.

Plaintiff has filed a motion for summary judgment, seeking judgment that the Saltwater Disposal Agreement remains in effect. Defendants have likewise filed a motion for summary judgment, seeking a holding that the Saltwater Disposal Agreement was terminated effective October 15, 2017 and that Plaintiff's continued activity on their property constitutes trespass.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## **LAW AND ANALYSIS**

The parties do not dispute that the Saltwater Disposal Agreement is a contract of lease governed by Louisiana law. The parties do, however, dispute the term of the lease and whether Defendants were entitled to terminate it. The relevant portion of the lease provides that:

> This Agreement will terminate on October 15, 2009, unless on or before said date, Grantee pays to Grantors, as set forth below, a rental of TWO THOUSAND and NO/100 Dollars ($2,000), which payment will maintain Grantee's rights in effect for one (1) year from the date above mentioned, and Grantee may continue to maintain the rights herein granted for successive one (1) year periods by paying Grantors, on or before the beginning of each respective period, the sum of TWO THOUSAND and NO/100 Dollars ($2,000.00).

---

[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

The parties dispute the effect of this provision. Plaintiff argues that this provision creates a fixed term of one year with the option for the Grantee to renew at its sole discretion. It argues that its option to renew is capped only by the first paragraph of Louisiana Civil Code article 2679, which prohibits leases with a duration longer than 99 years.[10] Plaintiff contends therefore that its tender of payment to Defendants prior to October 15, 2017, renewed the lease for an additional year, and Defendants cannot terminate the Agreement.

Defendants, on the other hand, point to the second paragraph of Article 2679, which states that if a lease's duration "depends solely on the will of the lessor or the lessee and the parties have not agreed on a maximum duration, the duration is determined in accordance with [Article 2680]."[11] Article 2680 provides that when the parties have not agreed on the duration of the term of a lease of an immovable, it "shall be from month to month." Defendants therefore argue that the lease's duration is supplied by law to be month to month and can be terminated by either party.

Article 2679 of the Louisiana Civil Code, relied on in part by both parties, provides that:

> The duration of a term may not exceed ninety-nine years. If the lease provides for a longer term or contains an option to extend the term to more than ninety-nine years, the term shall be reduced to ninety-nine years.
> If the term's duration depends solely on the will of the lessor or the lessee and the parties have not agreed on a maximum duration, the duration is determined in accordance with the following Article.

---

[10] *See* LA. CIV. CODE art. 2679.
[11] LA. CIV. CODE art. 2679.

5

Although there is little case law interpreting Article 2679, which was enacted in 2005, this Court finds its language to be clear and unambiguous. Under the plain terms of the statute, the first paragraph applies only when the lease has either (1) a fixed maximum duration that exceeds 99 years or (2) an option to extend the lease to a maximum duration that exceeds 99 years. In either situation, the first paragraph applies to reduce the maximum duration of the lease to 99 years. For example, the provision would act to reduce a lease's maximum duration to 99 years if it provided for a term of 125 years or if it provided for an initial term of 25 years and allowed the lessee or lessor an option to renew the term four times for 25 years each. The first paragraph of Article 2679 limits the power of the parties to a lease to fix in advance a duration longer than 99 years. It does not, as Plaintiff suggests, create a maximum duration for a lease which does not otherwise provide for one.

Rather, the second paragraph of Article 2679 applies to determine the maximum duration of a lease that does not provide a maximum duration but has instead left the lease's maximum duration to the will of either the lessor or lessee. In such a situation, Article 2680 applies to determine the lease's maximum duration.

Here, the Saltwater Disposal Agreement does not provide for a maximum duration and instead allows Plaintiff the option to renew at its sole discretion. Accordingly, the second paragraph of Article 2679 applies by its plain language and directs this Court to consider Article 2680 to determine the lease's maximum duration. Article 2680 provides that the lease of an immovable shall be month to month. Accordingly, pursuant to Articles 2727 and 2728 the lease can terminate by notice to the other party given ten days

prior to the end of the month. Defendants gave Plaintiff ample notice of their intent to terminate the Saltwater Disposal Agreement, and the termination was therefore effective on October 15, 2017.[12]

This holding is supported by comment (d) to Article 2679. The comments suggest that the second paragraph of Article 2679 was enacted to overrule Louisiana case law that invalidated leases whose duration depended entirely on the will of the lessee. For example, comment (d) expressly states that Article 2679 overrules *Bristo v. Christine Oil & Gas Co.*, in which the Louisiana Supreme Court held that "a contract purporting to give a perpetual option to hold land under a mineral lease is null."[13] The Court reasoned that, "To recognize that the defendant has the right, without any obligation, to hold the plaintiff's land under a perpetual lease or option, would take the property out of commerce, and would be violative of the doctrine of ownership, defined in the second title of the second book of the Civil Code."[14] According to comment (d), the legislature enacted the second paragraph of Article 2679 to address the problem of the potential perpetuity of a lease without negating the lease in its entirety, choosing instead to determine the lease's duration under Article 2680.

> Indeed, it can be said that, when the term's duration depends solely on the will of one party, there is in fact no agreement as to duration. Thus, it is appropriate to treat such a lease in the same fashion as a lease in which the parties were silent as to the duration of the term, and then to relegate it to Civil Code Article 2680 (Rev. 2004) for supplying the applicable term. This is a more

---

[12] Article 2728 states that a notice given according to its rules terminates at the end of the period specified in the notice.

[13] Bristo v. Christine Oil & Gas Co., 139 La. 312, 316 (1916), overturned by LA. CIV. CODE art. 2679.

[14] *Id.* at 315.

7

equitable solution than that reached by those Louisiana cases (supra) that have treated as invalid agreements in which the terms' duration depended entirely on the will of the lessee. The same is true for leases whose duration depends solely on the will of the lessor. Since all the terms supplied by Civil Code Article 2680 (Rev. 2004) are indeterminate terms, and thus can be terminated by either party, the relegation to Civil Code Article 2680 (Rev. 2004) restores the necessary equilibrium between the parties without completely negating the volition of the party on whose will the duration was to depend.[15]

The Saltwater Disposal Agreement contains just the sort of perpetual option that the legislature meant to address in the second paragraph of Article 2679. Accordingly, its termination was effective.

Having found that Defendants terminated the Saltwater Disposal Agreement on October 15, 2017, this Court must next address Defendants' trespass claim. Defendants allege that Plaintiff continues to dispose of saltwater and store equipment on its property. Under Louisiana law, "[t]he tort of trespass is defined as the unlawful physical invasion of the property or possession of another."[16] Plaintiff does not appear to dispute that it continued to operate the saltwater disposal well on Defendants' property after October 15, 2017, and it offers no defense to Defendants' trespass claim. That said, Defendants have also failed to provide this Court with any evidence that Plaintiff continues to operate on their property. As movants, Defendants have the initial burden to show they are entitled to summary judgment, and they

---

[15] LA. CIV. CODE art. 2679 cmt. (d).
[16] Britt Builders, Inc. v. Brister, 618 So. 2d 899, 903 (La. App. 1 Cir. 1993).

have failed to do so. Accordingly, summary judgment on the issue of trespass is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is DENIED, and Defendants' Motion is GRANTED IN PART. Defendants are entitled to a declaratory judgment finding that the Saltwater Disposal Agreement between Defendants and Plaintiff was effectively terminated on October 15, 2017.

New Orleans, Louisiana this 7th day of December, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**