# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLEUM AMERICA LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-1421** |
| **VIRGIE STELLY ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration or Entry of Final Judgment (Doc. 28). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Oleum America, LLC ("Oleum") brought this action seeking a declaration that a lease agreement with Defendants remained in effect. Defendants sought a declaration that the agreement had been terminated and that Plaintiff was trespassing on their property.[1] After considering summary judgment motions from both parties, this Court ruled in Defendants' favor and

---

[1] Defendants are landowners Marion Elizabeth Berry, Marion Stelly Berry, Michael George Berry, Patrick George Berry, Randy James Stelly, Rodney Joseph Stelly, Jr., and Virgie Bertrand Stelly.

held that the lease had terminated on October 15, 2017. It did not, however, enter summary judgment on Defendants' trespass claim because Defendants failed to carry their burden to prove such. That claim remains pending before this Court.

Shortly after this Court entered judgment in Defendants' favor, Plaintiff filed the instant Motion for Reconsideration, or in the alternative, for Entry of a Final Judgment. The Court considers its arguments below.

## **LEGAL STANDARD**

### **A. Motion for Reconsideration**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[2] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders."[3]

---

[2] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[3] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed.Appx. 829, 831–32 (4th Cir. 2011)).

2

**B. Motion for Entry of Judgment**

Rule 54(b) states that:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[4] Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[5] "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[6] The threshold inquiry for this Court, then, is whether "there is no just reason for delay."[7] This determination is within the sound discretion of the district court.[8] In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay."[9]

---

[4] PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).
[5] *Id.*
[6] *Id.* (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985)).
[7] *See* Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992).
[8] *Id.*
[9] Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992) (quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950)).

## LAW AND ANALYSIS

### A. Motion for Reconsideration

In support of its motion for summary judgment, Plaintiff argued that the lease agreement at issue had a fixed term of one year with the option for Plaintiff to renew for one-year periods at its sole discretion. It argued that its option to renew was capped only by the first paragraph of Louisiana Civil Code article 2679, which prohibits leases with a duration longer than 99 years. Plaintiff contended that it had tendered payment to renew the lease for an additional year, and Defendants therefore could not terminate the agreement.

The Court held, however, that because the agreement did not provide for a maximum duration and allowed Plaintiff to renew the lease in perpetuity at its sole discretion, Louisiana law provides that the lease's term shall be month to month. It further held that Defendants gave Plaintiff ample notice of their intent to terminate the agreement, and the termination was therefore effective on October 15, 2017.

Plaintiff now argues, despite its original position, that the lease does in fact have a maximum duration. It argues that the lease's duration is tied to the continuous production of saltwater from the well at issue. Plaintiff, however, has not pointed this Court to any language of the agreement that supports such a finding. Rather, the agreement expressly confers on Plaintiff the option to extend the agreement by one-year periods in perpetuity. This Court is not inclined to read into the agreement a limit to this express provision where none is expressed. Accordingly, this Court declines to reconsider its previous holding.

### B. Motion for Entry of Judgment

Next, Plaintiff asks this Court to enter final judgment on its summary judgment ruling pursuant to Federal Rule of Civil Procedure 54(b). Plaintiff argues that because only Defendants' trespass claim remains pending, there is no just reason for delay of an appeal of the Court's ruling regarding the lease termination. Plaintiff notes that a reversal on appeal would end the lawsuit and avoid a trial on the trespass issue.

The Fifth Circuit has expressly stated that "[a] district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[10] Plaintiff has not identified any hardship that would be relieved by an immediate appeal. While the cost of trial may be avoided in the event of a reversal on appeal, an affirmance on appeal would result in piecemeal appeals, duplicating their cost. Accordingly, Plaintiff has not shown that there is no just reason for delay.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.

New Orleans, Louisiana this 10th day of April, 2019.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[10] *PYCA Indus., Inc.*, 81 F.3d at 1421.